No. 752

STATE ex rel CULBERTSON, et. v.
BUTTERFIELD et.

Nos. 19931-19939.    Supreme Court

All in Mandamus.    Dock. June 28, 1926;
4 Abs. 475.

448. ELECTIONS — Are declarations of
candidacy, filed in pencil, sufficient under 4974
GC.?

The above actions were all filed for the same
purpose and the same facts exist in each case.

The petitions allege that the relators filed
according to law with the defendants, the
Board of Deputies, and State Supervisors and
Inspectors of Allegations and Declarations of
Hamilton County, in due form, of their can-
didacy for the o⅛ce of Improvement of the
Central Committee of the Republican party
from various wards and precincts in the city
of Cincinnati.

The Board refused to place their names on
the ballot on the ground that under 4974 GC.
the names were not placed on the ballots be-
cause the declarations of candidacy were filed
in pencil.

A peremptory writ of mandamus is sought
compelling said defendants to place the names
of the petitioners on the ballots.

Attorneys—Buchwalter, Headley & Smith,
Cincinnati, for Culbertson et al.

No. 753

GROTE v. GAFF ESTATE CO.

No. 19928.    Supreme Court

On motion to certify.    Dock. June 25, 1926;
4 Abs. 475.

707. LEASES—Where a building is leased
to manufacture chemicals, and in the manufac-
ture of said chemicals, deterioration to the
building results, may the lessor recover from
the lessee under a clause in the lease provid-
ing that the lessee shall surrender the prop-
erty in the same state of repair, ordinary wear
and tear excepted?

This action was brought originally in the
Hamilton Common Pleas by The Gaff Estate
Company against W. D. Grote for damages
resulting from deterioration in a building
leased.

The property was leased to Grote to be used
in the business of manufacturing chemicals,
and in the manufacture of these chemicals they
were spilled about the building thereby caus-
ing it to decay. The lease provided "That at
the expiration of this lease, said premises shall
be surrendered as in good condition as they
now are or may be put by said lessor except
as to ordinary wear and tear and injury caused
by fire or storm therein."

The judgment of the Common Pleas in favor
of Grote was reversed by the Court of Ap-
peals on the ground that the judgment was
against the weight of evidence and that error
intervened in the charge.

Grote in the Supreme Court contends:

1. That the charge is to be considered as a
whole and that therefore one item of the
charge is not erroneous if other parts of the
charge correctly state the law.

2. That the depreciation on the premises
was simply the result of ordinary wear and
tear in the business and therefore was not
actionable.

Attorneys—J. C. Healy, for Grote; Oliver S.
Bryant, for Company; both of Cincinnati.

No. 754

DERR v. BROWN et

No. 19927.    Supreme Court

On motion to certify.    Dock. June 25, 1926;
4 Abs. 475.

1063. SALES—When does the title to per-
sonal property pass in a sale where property
sold is to be delivered to a railroad company
and sent to a commission agent of the vendee?

This action was brought originally in the
Crawford Common Pleas by Frank Derr
against Jacob Brown and E. M. Loyer part-
ners, doing business as Brown and Loyer. It
appears that Derr and Brown had some ne-
gotiations concerning the sale of certain hay
belonging to Derr and in the possession of a
tenant on his farm.

It also appears that the hay was to be
loaded upon a car under a permit issued by
Brown on or before June 1, 1922, and sent to
a consignee, one Fisher in New York, who
was commission agent for Brown.

The hay was not loaded on the car before
June 1st due to the fact that no car was fur-
nished. Another permit was issued and the
hay forwarded to Fisher but by mistake the
agent of the railroad company issued the bill
of lading showing the consignee to be Derr
and Fisher as shipper instead of Brown and
Loyer but Fisher was named as consignee.
Under instructions from Brown Mr. Derr cer-
tified on the bill of lading that the hay was
sold to Brown and Loyer.

The judgment of the Common Pleas in favor
of Brown was affirmed by the Court of Ap-
peals.

Derr in the Supreme Court contends:

1. That the bill of lading vested title to
the hay in Brown and Loyer.

2. That the issuing of a second permit
waived the agreement to ship on or before
June 1st.

3. That the court erred in charging the
jury.

4. That Brown and Loyer are estopped to
deny that they bought the hay because of the
written evidence.

Attorneys—L. C. Feighner, for Derr; Chas.
F. Schaber, for Brown et; both of Bucyrus.